UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Martin James Sharpe, #200480, | ) | C/A No. 4:13-1538-DCN-TER |
| *a/k/a James Martin Sharpe,* | ) | |
| *a/k/a James Sharpe,* | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Order |
| | ) | |
| South Carolina Department of Corrections, SCDC; Dr. William Akerman, SCDC Dental Director; Dwight D. McMillian, Broad River CI; Dr. Joseph Ubah, Dentist Lee CI; McClary, Dental Assistant, Lee CI; Gregg, Dental Assistant, Broad River CI, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's Motion to Compel (doc. # 80), Motion to Amend his Motion to Compel (doc. #110), and Motion for Extension of Time to Respond to Defendant McMillan's Motion for Summary Judgment (104). (Docs. #80, #104, #110). Defendants have filed Responses in Opposition to Plaintiff's Motions.

**Plaintiff's Motion to Compel**

In his Motion to Compel, Plaintiff seeks an order compelling the production of certain documents from Defendants SCDC, Akerman, Ubah, McClary, and Gregg (hereinafter "Defendants"). He asserts that the Defendants provided incomplete responses to his Requests to Produce (Requests). Specifically, Plaintiff argues that Defendants did not completely respond to his Request for Production Nos. 1-6. Defendants filed a response in opposition asserting that they have responded appropriately to his requests. The court will address each disputed request in turn.

Plaintiff's Request for Production of documents to Defendants and their responses are as follows:

| | |
|---|---|
| Request No. 1. | A copy of all dental x-rays/radiographs contained in Plaintiff's dental records to especially include the x-rays taken at the following dental appointments: two x-rays taken on October 28, 2010, of tooth 7 and tooth 4; x-rays taken of tooth 11 on January 7, 2010; x-rays of tooth 15 taken November 18, 2009; x-rays of tooth 13, taken August 9, 2012; x-rays taken of tooth 16 on both February 28, 2012, and March 14, 2013; and, a full mouth x-ray taken at the oral surgeon visit on April 16, 2013. |
| Response: | The Defendants object to the Request on the grounds that it is overly broad, is unreasonably burdensome, oppressive and cumbersome, is irrelevant and will not lead to relevant or admissible evidence. The Defendants further object on the grounds that some of the information and documentation is privileged and confidential, is restricted and is protected by security reasons. |
| | Without waiving the objections, Plaintiff has a copy of his SCDC dental records. The x-rays, if they exist, are not relevant to the issues raised by Plaintiff in his Complaint, and Plaintiff does not have the knowledge or the equipment necessary to interpret the x-rays. The SCDC dentists focus on the patient's presentation and complaints and make treatment decision based upon education, training and experience and upon the findings from the physical exams and tests. |

(Doc. #84-1).

In his Motion to Compel, Plaintiff asserts that these x-rays are the "linchpin" of his case because they show the severity and seriousness of Plaintiff's dental condition, the need for attention, and the fact that the Defendants knew of that need. Plaintiff asserts that he has a family member who is a dental assistant who will have her employer interpret the x-rays. Plaintiff argues that Defendants filed a Motion for Summary Judgment alleging that Plaintiff cannot provide competent medical/dental evidence to support his claims, but the only reason he has not been able to do so is because Defendants refuse to provide the necessary discovery to allow Plaintiff to obtain expert

evidence.

In response to Request No. 1 of the Motion to Compel, Defendants state that x-rays are not relevant to the issues raised by Plaintiff in his Complaint.[1] Defendants further state that Plaintiff has a copy of the written SCDC dental records, and that the x-rays will not support Plaintiff's contention that he did not receive dental care. (#84). Defendants further assert that because of security reasons, an inmate should not be in possession of x-rays. Defendants request that if the Court orders them to produce a copy of the dental x-rays, that the court order Plaintiff to pay in advance by certified check or money order for the cost of copying the x-rays and to order Plaintiff to disclose the name and address of the dentist who is going to review the x-rays so that Defendants can mail the x-rays

---

[1] In his amended complaint, Plaintiff alleges that the Defendants denied him dental treatment. (Doc. #59). Plaintiff asserts that he went to the dental department at Broad River Correctional Institute (BRCI) and complained of severe pain in tooth No. 16. Id. Plaintiff contends that Dr. Dwight D. McMillan filled tooth No. 16 with his consent. Id. On February 28, 2012, Plaintiff alleges he returned to dental and informed Defendants McMillan and Gregg, dental assistant, that the filling in tooth No. 16 had not helped and that he was still in extreme pain because of it. Id. Plaintiff alleges that tooth No. 16 was numbed and an x-ray taken. Id. Subsequently, Dr. McMillan informed him that the root curved into the cheekbone and required an oral surgeon to remove it. Id. However, at this dental appointment, defendants McMillan and Gregg filled tooth No. 12 while knowing that the cavity in tooth No. 12 was superficial while the cavity was more severely decayed in tooth No. 13 and in need of more immediate care. Id. It was not determined until five months later that tooth No. 12 could not be saved and would need to be extracted. Id. Plaintiff alleges that due to the failure to address tooth 13 by Defendants McMillan and Gregg, it resulted in the loss of tooth No. 13. Id. Plaintiff alleges that he went to sick call on several occasions complaining of pain in his teeth. Id. On November 29, 2012, Plaintiff alleged that he was seen in dental complaining of extreme pain in teeth Nos. 5, 7, and 16 and was told that the filling in tooth No. 7 had fallen out. Id. A temporary filling was placed in tooth No. 7. Id. On December 11, 2012, Plaintiff asserts he was seen in dental complaining of sever facial pain due to teeth Nos. 5 and 16. Id. Plaintiff was seen by Dr. Joseph Ubah at Lee Correctional Institute on March 14, 2013, complaining of pain in tooth numbers 5 and 16 but that the pain in tooth 16 was the worse. Id. An x-ray of tooth 16 was taken, and it was severely infected so that he was given antibiotics but no dental help for the pain in tooth No. 5. Id. Plaintiff alleges he was finally taken to the oral surgeon on April 16, 2013, where tooth No. 16 was extracted. Id. However, Plaintiff alleges he has been in constant pain due to tooth No. 5 because of Defendants' policy of addressing only one tooth at a time. Id.

3

directly to the dentist. (Id.).

The Defendant is given five (5) days from the date of this order to inform the Plaintiff and the court the cost of copying the x-rays. Thereafter, Plaintiff shall make payment for the cost of copying no later than June 3, 2014, to Defendants' attorney[2] and provide Defendants' attorney with the name and address of the dentist to whom he wants the x-rays sent. Within five (5) days from receipt of payment from Plaintiff, Defendants shall provide copies of the x-rays to the dentist designated by Plaintiff. Defendants shall provide Plaintiff with a copy of the correspondence to the designated dentist accompanying the x-rays, specifying and identifying the x-rays provided. If Plaintiff does not provide payment and the name and address of the designated dentist as set forth above, Request No. 1 of his Motion to Compel is denied.

In Requests Nos. 2 and 3 of the Motion to Compel, Plaintiff requested the following:

Request No. 2:     All dental requests filed by Plaintiff to dental in Defendants' possession. . .

Response:     The Defendants object to the Request on the grounds that it is overly broad, is unreasonably burdensome, oppressive and cumbersome, is irrelevant and will not lead to relevant or admissible evidence. The Defendants further object on the grounds that some of the information and documentation is privileged and confidential, is restricted and is protected by security reasons.

Without waiving the objections, Plaintiff has a copy of his SCDC dental records. The x-rays, if they exist, are not relevant to the issues raised by Plaintiff in his Complaint, and Plaintiff does not have the knowledge or the equipment necessary to interpret the x-rays. The SCDC dentists focus on the patient's presentation and complaints and make treatment

---

[2] Payable to James E. Parham Jr., and mailed to James E. Parham, Jr., PO Box 1576, Irmo, SC 29063.

          decision based upon education, training and experience and upon the findings from the physical exams and tests.

Request No. 3:  All sick call requests filed by Plaintiff in Defendants' possession.

Response:  The Defendants object to the Request on the grounds that it is overly broad, is unreasonably burdensome, oppressive and cumbersome, is irrelevant and will not lead to relevant or admissible evidence. The Defendants further object on the grounds that some of the information and documentation is privileged and confidential, is restricted and is protected by security reasons.

          Without waiving the objections, Plaintiff has a copy of his SCDC dental records. The x-rays, if they exist, are not relevant to the issues raised by Plaintiff in his Complaint, and Plaintiff does not have the knowledge or the equipment necessary to interpret the x-rays. The SCDC dentists focus on the patient's presentation and complaints and make treatment decision based upon education, training and experience and upon the findings from the physical exams and tests.

In his Motion to Compel, Plaintiff asserts that Defendants have repeatedly claimed that he did not complain of pain at dental visits or sick call visits. However, Plaintiff argues that once he receives responses to Requests Nos. 2 and 3, he can refute Defendants' claims.

In response to the Motion to Compel Requests Nos. 2 and 3, Defendants assert that "Plaintiffs dental and sick call requests (Requests #2 and #3), if they exist, may contain his 'complaints' that are one of many factors considered by the SCDC dentists when providing dental care, but the Plaintiff's complaints may not, and many times do not, correspond to the actual problems that need to be treated. The same holds true for any grievances Plaintiff filed regarding his dental care." (Doc. #84). Defendants assert that each time Plaintiff presented to the dentist, he received dental care.

The court finds that Plaintiff's Requests Nos. 2 and 3 are relevant to the claim. However,

a court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed. R. Civ. P. Defendants are ordered to produce any and all sick call and dental requests by Plaintiff from January 5, 2012, through June 7, 2013, the date the complaint was filed. Defendants shall produce the documents that are in their possession, custody, or control within ten (10) days of the date of this order.[3]

>    Request No. 4:    All grievances with the code ME/DE filed by Plaintiff since September 18, 2009. Plaintiff only has copies of the Step One grievances no: BRCI-1438-09 and BRCI-1289-10. He does not have copies of the Step 2s for these grievance numbers. Furthermore, Plaintiff has either Step One or Step two copies for grievance no: BRCI 1538-10. Lastly Plaintiff filed a grievance in 2011 (number unknown). (Plaintiff does not have copies of above due to confiscation by Defendants SCDC on 4-25-12.).
>
>    Response:    Defendants object to the Request on the grounds that it is overly broad, is unreasonably burdensome, oppressive, and cumbersome, is irrelevant and will not lead to relevant or admissible evidence regarding Federal Claims pursuant to 42 U.S.C. §1983. Plaintiff should have a copy of the grievances he filed and the responses he received or he should submit a request to the grievance office asking for copies.

(Doc. #84-1).

In his Motion to Compel, Plaintiff asserts that he can refute Defendants' allegations that he did not complain of pain at dental visits or sick call requests. Defendants respond that Plaintiff's complaints may not, and many times do not, correspond to the actual problems that need to be treated.

Plaintiff's motion is granted with respect to Request No. 4 of his Motion to Compel.

---

[3] Defendants fail to state with any specificity what part of these records may have security concerns. Defendants can request a protective order if they wish to produce these documents in redacted form.

Defendants shall produce all grievances with code ME/DE filed by the Plaintiff since September 18, 2009, through June 7, 2013, within ten (10) days of the date of this order.

In Requests Nos. 5 and 6 of the Motion to Compel, Plaintiff requested the following:

| | |
|---|---|
| Request No. 5: | The referall of Plaintiff (Physicians transfer note or consultation, or any other communication) to the oral surgeon sent from Defendant Dwight McMillan to Defendant William Akerman. |
| Response: | Plaintiff has a copy of his SCDC dental records. None. |

(Doc. 84-1).

| | |
|---|---|
| Request No. 6: | The consent for tooth removal from Plaintiff signed February 28, 2012, consenting to the removal of Tooth 16. |
| Response: | Plaintiff has a copy of his SCDC dental records. None. |

(Doc. #84-1).

Defendants responded in their responses to discovery requests and responses to the Motion to Compel that Plaintiff is in possession of his " . . . SCDC dental records. None." Within ten (10) days of the date of this order, Defendants shall provide responsive documents to Requests Nos. 5 and 6 that are in their possession, control or custody. If they have no such documents in their possession, custody or control, Defendants shall provide an affidavit reflecting such.

Accordingly, Plaintiff's Motion to Compel (doc. # 80) is granted in part and denied in part as set forth above. Plaintiff shall have until June 20, 2014, to file any supplemental responses to Defendants' Motions for Summary Judgment.

**Plaintiff's Motion to Amend Motion to Compel**

On April 2, 2014, Plaintiff filed a "Motion to Amend Motion to Compel." (Doc.# 110). In

7

this motion, Plaintiff states that he "brings forth this Motion to Insure that all Discovery Requests are Produced by Defendants." This motion is denied as it is not a proper motion under the Federal Rules of Civil Procedure. Therefore, the motion (doc. #110) is denied.

**Plaintiff's Motion to Extend Time**

Plaintiff filed a Motion to Extend the Time to Respond to Defendant McMillan's Motion for Summary Judgment filed January 10, 2014. (Doc. #104). Defendant McMillan filed an objection to the motion. This motion is granted and the court notes that Plaintiff filed a response in opposition to Defendant McMillan's Motion for Summary Judgment on May 9, 2014.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 16, 2014
Florence, South Carolina