UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Martin James Sharpe, #200480, *a/k/a James Martin Sharpe, a/k/a James Sharpe,*<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections, SCDC; Dr. William Akerman, SCDC Dental Director; Dwight D. McMillian, Broad River CI; Dr. Joseph Ubah, Dentist Lee CI; McClary, Dental Assistant, Lee CI; Gregg, Dental Assistant, Broad River CI,<br><br>　　　　　　　　　　Defendants. | ) C/A No. 4:13-1538-DCN-TER<br>)<br>)<br>)<br>)<br>) Order<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　This matter is before the court on Plaintiff's motion for reconsideration filed May 27, 2014. (Doc. # 128). Defendants (SCDC, Akerman, Ubah, McClary, and Greggs) filed a response in opposition. (Doc. #130). In the motion for reconsideration, Plaintiff asserts that the dentist he alleged was going to review the dental x-rays has refused. Therefore, Plaintiff asks the court to provide the x-rays to his brother so he can assist in obtaining a dentist to review the x-rays or to Plaintiff as they would not pose a security risk. Additionally, Plaintiff asserts that ". . . I do not believe that I need the opinion of a dentist to defeat the Defendants' Motions for Summary Judgment. If the x-rays can not be sent to my brother or myself then I ask that the x-rays be provided to this court as exhibits until such time as I can procure the services of a dentist to review them."

　　　　Defendants responded in opposition stating that they complied with the court order of May 16, 2014, and mailed to Plaintiff a document entitled "Cost of Copying Plaintiff's SCDC Dental X-rays" and a document entitled "Production of Documents Pursuant to Order." Defendants point out that Plaintiff admits to the court that in contradiction to his assertion in his motion to compel filed

December 2, 2013, he does not have a dentist to review his SCDC dental x-rays. Defendants contend that the Plaintiff and/or his brother do not need a copy of the x-rays to locate a dentist who will agree to review them as an expert. Additionally, Defendants assert that Plaintiff filed his complaint on June 10, 2013, and his Amended complaint on October 17, 2013, such that he has had more than enough time to locate a dentist to review his dental x-rays.

In the order of May 16, 2014, the court ordered the following with regard to this issue:

> The Defendant is given five (5) days from the date of this order to inform the Plaintiff and the court the cost of copying the x-rays. Thereafter, Plaintiff shall make payment for the cost of copying no later than June 3, 2014, to Defendants' attorney[1] and provide Defendants' attorney with the name and address of the dentist to whom he wants the x-rays sent. Within five (5) days from receipt of payment from Plaintiff, Defendants shall provide copies of the x-rays to the dentist designated by Plaintiff. Defendants shall provide Plaintiff with a copy of the correspondence to the designated dentist accompanying the x-rays, specifying and identifying the x-rays provided. If Plaintiff does not provide payment and the name and address of the designated dentist as set forth above, Request No. 1 of his Motion to Compel is denied.

(Doc. #122).

On May 21, 2014, Defendants filed a document that was served on Plaintiff entitled "Cost of Copying Plaintiff's SCDC Dental X-Rays" stating that the cost would be $39.00. (Doc. #127). In the previous order, Plaintiff was given until June 3, 2014, to make payment to Defendants' attorney for the cost of copying the x-rays and provide the name and address of the dentist who would review the x-rays. Plaintiff's motion to reconsider this ruling and order that the x-rays be

---

[1] Payable to James E. Parham Jr., and mailed to James E. Parham, Jr., PO Box 1576, Irmo, SC 29063.

2

provided to his brother is granted.[2] Petitioner is to pay the cost of the x-rays as provided by the Defendants and provide Defendants' counsel with the name and address of his brother by June 3, 2014, as set forth in the previous order. If Plaintiff fails to provide the costs of the x-rays and the brother's name and address by June 3, 2014, to Defendants' attorney, the motion will be denied.

In the motion for reconsideration, Plaintiff also requests that the time period for Defendants to produce sick call and dental requests be expanded from January 5, 2012, back to the date of January 7, 2011, to corroborate his assertion of constantly complaining of pain. However, Plaintiff asserts in his amended complaint that he first went to dental on January 5, 2012, and complained of severe tooth pain. The motion to reconsider the court's ruling with regard to this issue is denied.

Accordingly, Plaintiff's motion to reconsider (doc. #128) is granted in part and denied in part.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 29, 2014
Florence, South Carolina

---

[2] The court will consider any reasonable requests with regard to any other requirements relating to privacy/authorization that the Defendants may require before releasing the x-rays.