# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| MARTIN JAMES SHARPE, #200480, )<br>*a/k/a* JAMES MARTIN SHARPE, *a/k/a* )<br>JAMES SHARPE )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SOUTH CAROLINA DEPARTMENT OF )<br>CORRECTIONS, SCDC; DR. WILLIAM )<br>AKERMAN, *SCDC Dental Director*; )<br>DWIGHT D. MCMILLAN, *Broad* )<br>*River CI*; DR. UBAH, *Dentist, Lee CI*; )<br>MCCLARY, *Dental Assistant, Lee CI*; )<br>GREGG, *Dental Assistant, Broad River CI*, )<br>)<br>Defendants. )<br>) | No. 4:13-cv-1538-DCN<br><br>**ORDER** |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R&R") that this court grant the motion for summary judgment filed by defendants South Carolina Department of Corrections ("SCDC"), Dr. William Y. Akerman, Jr. ("Dr. Akerman"), Dr. Joseph C. Ubah ("Dr. Ubah"), Deborah L. McClary ("McClary"), and Kim M. Gregg ("Gregg") (collectively, the "SCDC defendants") and deny defendant Dr. Dwight D. McMillan's ("Dr. McMillan") motion for summary judgment. Plaintiff Martin James Sharpe ("Sharpe") and Dr. McMillan each filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R in part and rejects the R&R in part and grants summary judgment as to all defendants.

1

## I.  BACKGROUND[1]

Sharpe is an inmate currently housed at the Lee Correctional Institution ("LCI") within SCDC.  SCDC Defs.' Mot. for Summ. J. Ex. 1.  Prior to his transfer to LCI, Sharpe was housed at the Broad River Correctional Institution ("BRCI").  Id.  Dr. Akerman is the director of dental services for SCDC.  Id.  Dr. Ubah is a dentist employed by SCDC and McClary and Gregg are dental assistants employed by SCDC.  Id.  Dr. McMillan is a contract dentist with SCDC who provided dental care to Sharpe at BRCI. Id.  Sharpe alleges that beginning in the end of 2011, defendants denied him dental treatment despite numerous requests for dental appointments and frequent complaints of severe pain.  Am. Compl. 1.  Specifically, Sharpe asserts that defendants were deliberately indifferent to serious medical needs involving tooth #5, tooth #7, tooth #13, and tooth #16 in violation of his Eighth Amendment rights.  Am. Compl. 2.

According to Sharpe's SCDC dental records, Sharpe was seen by a dentist at BRCI and LCI seventeen times between March 21, 2008 and July 11, 2013.[2]  Def.'s Objections Ex. 4, at 2-6.  On May 26, 2011, Sharpe visited Dr. McMillan and received a filling in tooth #7.  Id. at 4.  Upon Sharpe's request for another filling, Dr. McMillan filled tooth #16 on January 5, 2012.  Id.  Dr. McMillan wrote "possible extraction" under the plan portion of Sharpe's January 5 dental record.  Id.  On February 28, 2012, Dr. McMillan filled tooth #12 and "[i]nformed [Sharpe] of need of O.S. [oral surgeon]

---

[1] The facts are considered and discussed in the light most favorable to Sharpe, the party opposing summary judgment.  See Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[2] Between 2009 and 2010, Sharpe filed numerous staff requests seeking dental treatment for cavities, as well as grievances complaining of dental treatment.  See Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 1.  Although Sharpe attached documentation of the requests and grievances to his response to the instant motions for summary judgment, Sharpe's amended complaint only complains of actions taken after 2011. See Am. Compl. 1-2.  Thus, the court will only address events that took place after 2011.

2

referral for removal of #16." Id.  Sharpe alleges that on that day, Dr. McMillan administered local anesthesia to extract tooth #16, but after x-raying the tooth, determined that the extraction would have to be performed by an oral surgeon due to root curvature of the tooth.  Am. Compl. 1.

On August 9, 2012, Sharpe complained that tooth #13 was sensitive to cold during a dental appointment with Dr. Ubah.  Def.'s Objections Ex. 4, at 4.  Sharpe's dental records indicate that Dr. Ubah diagnosed Sharpe with "irreversible pulpitis" and recommended removal of tooth #13 but that Sharpe signed a refusal form denying the suggested treatment.  Id.  Sharpe's October 4, 2012 dental visit was cancelled for security reasons.  Id.  Since his previous appointment was cancelled, Sharpe filed a staff member request on October 22, 2012 seeking dental treatment of multiple cavities.  Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 1, at 8.  In response, the staff member responded that Sharpe would be notified of the next available appointment.  Id.  Sharpe's dental records indicate that Sharpe was not escorted to his November 15, 2012 appointment.  Def.'s Objections Ex. 4, at 4.

During a sick call visit with medical staff on November 28, 2012, Sharpe complained of a broken filling in tooth #7.  Def.'s Objections Ex. 4, at 21.  The following day, Dr. Ubah provided a temporary filling in tooth #7 during a dental appointment.  Id. at 5.  Because of excessive bleeding, Dr. Ubah could not restore tooth #7 with a composite at that time.  Id.  The medical records do not indicate that Sharpe complained of any pain in tooth #5 or tooth #16 during his August 9 or November 29 appointments with Dr. Ubah or the November 28 sick call visit with medical staff.  Def.'s Objections Ex. 4, at 5.

On December 11, 2012, Sharpe requested a dental appointment, citing pain in tooth #5 and tooth #16.  Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 1, at 7.  A staff member responded to his request on December 13 and stated that there was a waiting list, but that Sharpe would be notified of the first available appointment.  Id.  Sharpe's February 21, 2013 dental appointment was rescheduled due to a roll call, and his March 7, 2013 appointment was rescheduled due to security.  Def.'s Objections Ex. 4, at 5.

On March 14, 2013, Sharpe visited Dr. Ubah and stated that tooth #16 was throbbing.  Id.  Dr. Ubah prescribed antibiotics and referred Sharpe to an oral surgeon for extraction of tooth #16.  Id.  Dr. Ubah offered Sharpe pain medication, but Sharpe declined.  Def.'s Objections Ex. 4, at 16.  Dr. Akerman approved Dr. Ubah's referral to the oral surgeon the following day.  Akerman Aff. 4.  On March 26, 2013, Sharpe filed a request for dental assistance seeking removal of tooth #16.  Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 1, at 6.  A staff member responded on April 1, stating that Sharpe was on the waiting list to see an oral surgeon.  Id.

While awaiting his appointment with the oral surgeon, Sharpe complained of bad facial pain during a sick call visit on April 4, 2013.  Def.'s Objections Ex. 4, at 16. Sharpe stated that dental failed to do anything about his pain or facial swelling apart from prescribing antibiotics.  Id.  During that encounter, the nurse noted that Sharpe had no facial edema and that a tooth on the upper left side was dark with no edema to his gums or the left side of his face.  Id.  The nurse further noted that Sharpe was awaiting surgical approval and that he had a pending dental appointment.  Id.  The medical records also indicate that the doctors permitted Sharpe to take Tylenol until his appointment the following week.  Id.  On April 15, 2013, the mental health clinic reported that during a

visit, Sharpe stated that he was supposed to have a wisdom tooth pulled and that the tooth had been hurting him.  Id.  Nevertheless, the nurse did not note any signs of a serious medical need during that visit.  Id.  An oral surgeon extracted tooth #16 on April 16, 2013.  Id.  On April 17, 2013, Sharpe returned from the oral surgeon and was placed on antibiotics and ibuprofen.  Id.; Def.'s Objections Ex. 4, at 5.

After the oral surgeon extracted tooth #16, Sharpe requested dental assistance for tooth #5 on April 30, 2013.  Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 1, at 5.  A staff member responded that Sharpe was on the waiting list for a scheduled restoration of his broken filling on tooth #7.  Id.  Sharpe's June 6 dental appointment was rescheduled due to security.  Def.'s Objections Ex. 4, at 5.  On July 11, 2013 Sharpe returned to the dentist for a scheduled restoration of tooth #7.  Id.

Sharpe filed the present action on June 7, 2013.  He filed an amended complaint on October 16, 2013 asserting a cause of action pursuant to 42 U.S.C. § 1983.  On November 11, 2013, the SCDC defendants filed a motion for summary judgment.  On January 10, 2014, Dr. McMillan filed a motion for summary judgment.  Sharpe responded to the SCDC defendants' motion for summary judgment on January 15, 2014 and to Dr. McMillan's motion for summary judgment on May 9, 2014.  The magistrate judge issued the R&R on July 30, 2014.  Dr. McMillan filed objections to the R&R on August 14, 2014, and Sharpe filed objections to the R&R on August 15, 2014.  Sharpe responded to Dr. McMillan's objections on August 27, 2014.  This matter is now ripe for the court's review.

## II.  STANDARDS OF REVIEW

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985).

Sharpe appears <u>pro se</u> in this case. Federal district courts are charged with liberally construing complaints filed by <u>pro se</u> litigants to allow the development of a potentially meritorious case. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim, nor does it mean the court can assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the ECF of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> At the summary

judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. Id. at 255.

### III.   DISCUSSION

Sharpe objects to the R&R on five grounds.  Because these objections are repetitive and overlapping, the court condenses Sharpe's list into two objections. Specifically, Sharpe asserts that the magistrate judge:  (1) erred in finding that Sharpe failed to provide sufficient evidence to create a genuine issue of material fact as to whether Dr. Ubah and Dr. Akerman were deliberately indifferent to a serious medical need; and (2) erred in holding that Dr. Akerman, Dr. Ubah, McClary, and Gregg are protected from suit by qualified immunity.  Pl.'s Objections 1-5.  Sharpe did not object to the magistrate judge's finding that Sharpe failed to allege sufficient facts regarding Gregg and McClary.   Therefore, this court adopts the magistrate judge's R&R and grants Gregg and McClary summary judgment.

Dr. McMillan objects to the R&R, asserting that the magistrate judge erred in finding a genuine issue of material fact as to whether Sharpe was suffering from a serious medical need and as to whether Dr. McMillan was deliberately indifferent to a serious medical need at the February 28, 2012 dental appointment. The court will first discuss the background law on claims of deliberate indifference to serious medical needs and then consider each of the parties' objections in turn.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In Estelle v. Gamble, the Supreme Court recognized a federal cause of action for deliberate indifference to serious medical needs.  429 U.S. 97, 104 (1976).  The Court

wrote that the claim is cognizable "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 104-05; see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (describing actions under 42 U.S.C. § 1983 against state officials as "counterparts" to Bivens actions against federal officials).

A plaintiff must satisfy both a subjective and an objective component to show the violation of a constitutional right. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). To prevail on a claim of constitutionally inadequate medical care, a plaintiff must demonstrate "that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Id. (citing Estelle, 429 U.S. at 104).

First, a plaintiff must show that the injury was objectively serious. Farmer, 511 U.S. at 834. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal citation omitted). Dental pain, including tooth decay, may constitute an objectively serious medical need. Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serious medical condition because of pain and risk of infection.").

Second, a plaintiff must also satisfy the subjective component by proving a deliberate indifference. Id. An officer is deliberately indifferent only when he "knows of and disregards" the risk posed by the serious medical needs of the inmate. Farmer, 511

U.S. at 837. The Fourth Circuit has identified two aspects of an official's state of mind that must be shown to satisfy the subjective component. "First, actual knowledge of the risk of harm to the inmate is required." Iko, 535 F.3d at 241 (citing Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001)) (emphasis in original); see also Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("It is not enough that the officers should have recognized [a substantial risk of harm]."). A factfinder may conclude that an officer knew of a substantial risk from the very fact that the risk was obvious, but it is not enough that a reasonable officer would have found the risk to be obvious. Parrish, 372 F.3d at 303 (internal citations omitted). The risk of injury must be so "obvious that the fact-finder could conclude that the [officer] did know of it because he could not have failed to know of it." Id. (internal quotations and citations omitted) (emphasis in original). Second, the officer "must also have 'recognized that his actions were insufficient' to mitigate the risk of harm to the inmate arising from his medical needs." Iko, 535 F.3d at 241 (citing Parrish, 372 F.3d at 303) (emphasis in original). A factfinder may conclude that the official's response to a perceived risk was so patently inadequate as to justify an inference that the official actually recognized that his response to the risk was inappropriate under the circumstances. Parrish, 372 F.3d at 303.

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); see also Whitley v. Albers, 475 U.S. 312, 319 (1986) (holding that deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety"). Rather, a medical provider's actions must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Jackson v. Sampson, 536 F.

App'x 356, 357 (4th Cir. 2013) (citing Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), rev'd on other grounds, Farmer, 511 U.S. at 837). Further, "an inadvertent failure to provide adequate medical care" does not rise to the standard necessary to allege an Eighth Amendment violation. Estelle, 429 U.S. at 107; see also Cambron v. Riley, No. 3:10-cv-2334, 2011 WL 6937540, at *3 (D.S.C. Oct. 26, 2011) ("Unless medical needs were so serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail."). The denial or delay in treatment must "cause[] the inmate to suffer a life-long handicap or permanent loss.'" Starling v. United States, 664 F. Supp. 2d 558, 569 (D.S.C. 2009) (citing Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995)).

The court will analyze the alleged instances of deliberate indifference to determine whether the facts make out a violation of a constitutional right. When assessing the constitutionality of defendants' actions, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks omitted).

### A.     SCDC

SCDC is entitled to summary judgment because it is not a "person" as required under § 1983, but rather a state agency. It is well settled that only "persons" may act under color of state law. See 42 U.S.C. § 1983. Thus, a defendant must qualify as a "person" in a § 1983 action. States and statae agencies do not qualify as "persons" subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). SCDC is an administrative agency of the state of South Carolina, see S.C. Code

Ann. § 24-1-30, and therefore does not qualify as a person subject to suit under § 1983. The court grants summary judgment as to SCDC.

    **B.**    **Sharpe's Objections**

        **1.  Deliberate Indifference as to Dr. Akerman and Dr. Ubah**

Sharpe's first three objections relate to the magistrate judge's finding that Sharpe failed to present sufficient evidence to create a genuine issue of material fact as to whether Dr. Akerman and Dr. Ubah were deliberately indifferent to his serious medical needs. Pl.'s Objections 1. Sharpe further objects to the magistrate judge's finding that Sharpe's allegations merely involve a disagreement with the treatment provided. Id. at 2-3. Because Sharpe's first, second, and third objections entail essentially the same argument, the court will consider all three objections within this section.

There are no genuine issues of material fact as to whether Dr. Ubah was deliberately indifferent to Sharpe's serious medical needs. The voluminous records clearly illustrate that Dr. Ubah provided competent dental care to Sharpe on numerous occasions and that Sharpe received continuous and ongoing treatment for his dental complaints. Sharpe's medical records show that Dr. Ubah first saw Sharpe on August 9, 2012. Def.'s Objections Ex. 4, at 4. During that visit, Dr. Ubah diagnosed Sharpe with irreversible pulpitis in tooth #13 and recommended extraction, but Sharpe refused. Id. The medical records do not indicate that Sharpe complained of any pain in tooth #5, tooth #7, or tooth #16 at that time. Id. During Sharpe's next visit to Dr. Ubah on October 4, 2013, Dr. Ubah filled tooth #7. Id. at 5. Sharpe still did not complain of pain in tooth #5 or tooth #16 at that time. Id. According to Sharpe's dental records, he first complained

of pain in tooth #16 to Dr. Ubah on March 14, 2013.  Id.  At that time, Dr. Ubah prescribed antibiotics and referred Sharpe to an oral surgeon for treatment.  Id.

Similarly, there is no evidence that Dr. Akerman was deliberately indifferent to Sharpe's serious medical need.  There is no evidence that Dr. Akerman knew of the complaints underlying the present action.  There is no evidence that Dr. Akerman knew of Dr. McMillan's written statement regarding a referral to an outside surgeon in the February 28 dental record.  According to Dr. Akerman's affidavit, he approved Dr. Ubah's referral to an oral surgeon on March 15, 2013.  Akerman Aff. 4.  Other than Sharpe's empty allegations, there is no evidence that Dr. Akerman knew that tooth #16 needed to be extracted prior to that time.  The records indicate that Sharpe received adequate dental treatment in response to his complaints.

Although Sharpe claims that he complained of pain in tooth #16, tooth #5, and tooth #7 during sick calls and dental visits, his medical records do not support his allegations.  Between February 28, 2012 and the extraction of tooth #16 on April 16, 2013, Sharpe only complained about tooth #16 during one medical visit on April 4, 2013, during which he stated that he was awaiting treatment.  Def.'s Objections Ex. 4, at 16.  At that time, Dr. Ubah had already referred Sharpe to an oral surgeon and Dr. Akerman had already approved the referral.  Id. at 5.  Sharpe cannot create a genuine issue of fact merely by alleging facts that dispute his medical records and the doctors' affidavits.  See Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Singletary v. Fallen, No. 0:11-cv-543,

2012 WL 368375 (D.S.C. Jan. 17, 2012) report and recommendation adopted, 2012 WL 368364 (D.S.C. Feb. 3, 2012) (granting summary judgment to doctor because medical records showed that prisoner was seen repeatedly for his complaints regarding foot pain).

Moreover, Sharpe's mere disagreement with the course of treatment he received does not raise a claim for deliberate indifference. See Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010). "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Thomas v. Anderson City Jail, No. 6:10-cv-3270, 2011 WL 534392, at *1 (D.S.C. Feb. 8, 2011) (quoting Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988)); see Brown v. Thompson, 868 F. Supp 326, 329 n.2 (S.D. Ga. 1994) ("Providing medical care is not discretionary . . . . The type and amount of care, however, is purely discretionary."). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. Wright v. Moore, No. 8:12-cv-1456, 2013 WL 4522903, at *6 (D.S.C. Aug. 26, 2013); see also Nelson, 603 F.3d at 449 ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." (internal quotation marks and citation omitted)); Walker v. Peters, 863 F. Supp. 671, 674 (N.D. Ill. 1994) ("[M]ere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice."). At most, Sharpe's claims allege negligence or medical malpractice, which are not actionable as a constitutional claim. Lamb v. Lieber Corr. Inst. Med. Staff, No. 8:09-cv-1806, 2009 WL 2524697, at *3 (D.S.C. Aug. 14, 2009).

Sharpe has failed to allege facts creating a genuine dispute of material fact as to whether Dr. Ubah and Dr. Akerman were deliberately indifferent to a serious medical need.

Accordingly, Sharpe's first, second, and third objections fail.

### 2. Qualified Immunity

Sharpe also objects to the magistrate judge's finding that defendants are entitled to qualified immunity. Pl.'s Objections 4-5. Sharpe argues that because he has a clearly established right to dental care, defendants are not entitled to qualified immunity. Id. at 4-5.

Dr. Akerman and Dr. Ubah are entitled to qualified immunity. "To escape dismissal of a complaint on qualified immunity grounds, a plaintiff must (1) allege a violation of a right (2) that is clearly established at the time of the violation." Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)). The two prongs of the qualified immunity test may be applied in any order. Pearson, 555 U.S. at 236. Although Sharpe has a clearly established constitutional right to dental care, he failed to prove a genuine issue of material fact to establish a constitutional violation. See Stokes v. Hurdle, 393 F.Supp. 757 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Accordingly, Sharpe's fourth and fifth objections fail and the SCDC defendants are entitled to summary judgment.

### C. Dr. McMillan's Objections to the R&R

Dr. McMillan objects to the magistrate judge's finding that there is a genuine issue of material fact as to whether Dr. McMillan was deliberately indifferent to Sharpe's serious medical needs. Def.'s Objections 4. Specifically, Dr. McMillan argues that

Sharpe was not suffering from a serious medical need at the time Dr. McMillan provided treatment. Id. at 4-7. Further, Dr. McMillan argues that even if he failed to refer Sharpe to an oral surgeon on February 28, 2012, his failure does not rise to the level of deliberate indifference. Id. at 7-9.

Although there is a genuine dispute as to whether Sharpe was suffering from a serious medical need, there is no genuine issue of material fact as to whether Dr. McMillan was deliberately indifferent to Sharpe's medical needs. Rather, the records indicate that Dr. McMillan adequately addressed Sharpe's dental complaints.[3] As discussed above, "[d]eliberate indifference is a very high standard" that requires showing a medical provider's actions be "grossly incompetent, inadequate, or excessive." See Grayson, 195 F.3d at 695; see also Jackson, 536 F. App'x at 357 (citing Miltier, 896 at 851, rev'd on other grounds, Farmer, 511 U.S. at 837). Further, "an inadvertent failure to provide adequate medical care" does not rise to the standard necessary to allege an Eighth Amendment violation. Estelle, 429 U.S. at 107; see also Cambron v. Riley, No. 3:10-cv-2334, 2011 WL 6937540, *3 (D.S.C. Oct. 26, 2011) ("Unless medical needs were so serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail.").

Sharpe's dental records indicate that Dr. McMillan filled tooth #7 on May 26, 2011. Def.'s Objections Ex. 4, at 4. On January 5, 2012, Dr. McMillan filled tooth #16.

---

[3] The facts in this case are distinguishable from other cases in which courts have found a deliberate indifference to dental needs. See Berry v. Peterman, 603 F.3d 435 (7th Cir. 2010). In Berry, prison staff refused to refer the plaintiff to a dentist despite his constant complaints of severe pain. Id. at 438. In this case, Sharpe alleges that Dr. McMillan failed to refer him to an oral surgeon. Unlike the plaintiff in Berry, Sharpe received continuous and ongoing dental treatment from Dr. McMillan and Dr. Ubah in response to his complaints of pain.

Def.'s Objections Ex. 4, at 4.  On February 28, 2012, Dr. McMillan filled tooth #12 and "[i]nformed [inmate] of need of O.S. [orgal surgeon] referral for removal of #16."  Id.  Sharpe alleges that during the February 28 visit, Dr. McMillan told him that he would refer him to an oral surgeon for extraction of tooth #16.  Am. Compl. 1.  In his affidavit, Dr. McMillan states that he did not tell Sharpe that he would refer him at that time, but stated that if tooth #16 needed to be removed in the future, an oral surgeon would have to perform the extraction.  McMillan Aff. 2.  Further, Dr. McMillan stated that upon review of Sharpe's dental records from February 28, 2012, tooth #16 did not require an extraction or immediate referral to an oral surgeon at that time.  Id.  The court notes that Dr. McMillan filled tooth #16 on January 5, 2012, so he was very familiar with Sharpe's complaints regarding that tooth.  There is no indication from Sharpe's medical records that he complained of pain in tooth #5 during his dental appointments with Dr. McMillan.

Even when viewed in the light most favorable to Sharpe, these facts do not rise to the standard of a deliberate indifference to a serious medical need.  Assuming Dr. McMillan intended to refer Sharpe to an oral surgeon on February 28, 2012 and failed to do so, his failure nonetheless constitutes mere negligence and not "grossly incompetent" medical care.  See Carrothers v. Kelly, 312 F. App'x 600, 602–03 (5th Cir. 2009) (finding that a doctor's failure to follow through with his plan to refer plaintiff to an orthopedist or a neurosurgeon did not rise to the level of deliberate indifference but rather mere negligence).  Further, Sharpe failed to show that any delay in extraction of tooth #16 caused him to suffer a "life-long handicap or permanent loss."  Starling, 664 F. Supp. 2d at 569 (citing Coppage, 906 F. Supp. at 1037).  Rather, Sharpe's medical records indicate that Sharpe did not complain of pain in tooth #16 again until March 14, 2013,

more than a year after Dr. McMillan filled tooth #16.  Def.'s Objections Ex. 4, at 5.  Again, Sharpe cannot create a genuine issue of material fact merely by alleging facts that contradict medical records.  See Dulany, 132 F.3d at 1240 ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Singletary, No. 0:11-cv-543, 2012 WL 368375 (D.S.C. Jan. 17, 2012) report and recommendation adopted, 2012 WL 368364 (D.S.C. Feb. 3, 2012) (granting summary judgment to doctor because medical records showed that prisoner was seen repeatedly for his complaints regarding foot pain).

Sharpe has failed create a genuine issue of material fact as to whether Dr. McMillan was deliberately indifferent to a severe medical need.  Therefore, this court reverses the R&R in part and grants Dr. McMillan's motion for summary judgment.[4]

---

[4] It is unnecessary for this court to address qualified immunity as applied to Dr. McMillan because there is no evidence of a constitutional violation.  Nevertheless, as a government contractor acting within the scope of his validly conferred authority, Dr. McMillan is entitled to the protections of qualified immunity.  See In re KBR, Inc., Burn Pit Litigation, 744 F.3d 326, 344 (4th Cir. 2014) (recognizing that private employees can perform the same functions as government employees and therefore should receive immunity when they perform such functions).

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** in part and **REJECTS** in part the magistrate judge's R&R, and **GRANTS** SCDC, Dr. Akerman, Dr. Ubah, Gregg, McClary, and Dr. McMillan's respective motions for summary judgment.  The court also finds Sharpe's motion for sanctions and motion to appoint counsel **MOOT**.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2014**
**Charleston, South Carolina**